1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Ramona Robinson                          No. CV-12-00142-PHX-DGC

10                    Plaintiff,              **ORDER**

11  v.

12  Yvonne J. Miller and John Doe Wheeler,
    her husband; et al.,

13                    Defendants.

14

15         Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Ocwen

16  Loan Servicing, LLC, the Bank of New York Mellon, and Saxon Mortgage Services have

17  filed a motion to dismiss Plaintiff's complaint, and Plaintiff has filed a response.

18  Docs. 15, 19.  No party has requested oral argument.  For the reasons set forth below, the

19  Court will grant the motion.

20  **I.     Procedural History.**

21         On February 24, 2011, Plaintiff filed an action in state court against a number of

22  defendants, alleging, *inter alia*, breach of contract and wrongful foreclosure stemming

23  from the January 7, 2011 foreclosure sale of her home.   CV-11-00559-PHX-SRB,

24  Doc. 1-2.  Defendants removed the action to federal court based on federal subject matter

25  and supplemental jurisdiction because Plaintiff's allegations that Defendants violated the

26  federal Home Affordable Modification Program ("HAMP") permeated the complaint.

27  *Id.*, Doc. 1.  The action was assigned to Judge Susan R. Bolton.

28         On March 31, 2011, Defendants MERS, Ocwen Loan Servicing, LLC, and the

Bank of New York Mellon filed a motion to dismiss, and Plaintiff failed to respond. *Id.*, Doc. 9; *see id.*, Doc. 20.  After advising Plaintiff that the court would deem the motion unopposed and subject to being granted under Local Rule of Civil Procedure 7.2(i) and Federal Rule of Civil Procedure 41(b) if Plaintiff did not respond by April 18, 2011, Judge Bolton dismissed the complaint as to the moving Defendants on May 4, 2011. *Id.*, Docs. 10, 20.[1]  Judge Bolton subsequently dismissed the complaint as to Saxon Mortgage Services due to Plaintiff's failure to serve, and a final judgment was entered in favor of all Defendants on July 6, 2011. *Id.*, Doc. 25.

On October 27, 2011, Plaintiff filed a second complaint in state court, alleging three claims: (1) breach of contract (note and deed of trust), (2) breach of covenant of good faith and fair dealing, and (3) wrongful foreclosure, each stemming from the same foreclosure sale. Doc. 1-1.  The complaint largely follows Plaintiff's previous complaint word-for-word.  Defendants removed the new complaint to federal court on the basis of diversity jurisdiction on January 20, 2012.  Doc. 1.  Defendant J. P. Morgan Chase Bank filed a motion to dismiss, which the Court granted on April 25, 2012.  Doc. 4; *see* Doc. 10.  Defendants MERS, Ocwen Loan Servicing, LLC, the Bank of New York Mellon, and Saxon Mortgage Services filed the instant motion to dismiss on April 26, 2002.

Defendants argue that Plaintiff's claims are precluded by *res judicata* in light of the final judgment entered in the prior lawsuit. Doc. 15 at 3, 5-7.  Defendants also argue that the claims are barred by A.R.S. § 33-811(C), are based on invalid legal conclusions, and fail to set forth sufficient elements to state a claim. *Id.* at 3, 7-12.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).   Legal conclusions couched as factual allegations are not entitled to the

---

[1] Two other defendants filed motions to which Plaintiff did not respond and were likewise dismissed. *See* Docs. 21, 22.

assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Discussion.**

Where federal court jurisdiction is based on diversity of citizenship, the *res judicata* law of Arizona applies. *See Priest v. American Smelting & Refining Co.*, 409 F.2d 1229, 1231 (9th Cir. 1969); *Gramm v. Lincoln*, 257 F.2d 250, 255 n.6 (9th Cir. 1958). In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action.  *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971).  Dismissals for failure to prosecute or to comply with the rules or order of any court, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party, constitute a judgment on the merits.  Ariz. R. Civ. P. 41(b); *see Hoff v. City of Mesa*, 344 P.2d 1013, 1015 (Ariz. 1959).

Defendants argue that the current claims against them were either brought or could have been brought in the prior action.  The prior action named the same Defendants and involved the same foreclosure.  Plaintiff previously asserted claims for breach of the note, deed of trust, and loan modification agreement; breach of the covenant of good faith and fair dealing; and wrongful foreclosure – the same claims asserted against Defendants in this case. *Compare* CV-11-00559-PHX-SRB, Doc. 1-2, ¶¶ 69, 71, 74; 77-78 *with* Doc. 1-

1   1, ¶¶ 68, 73, 74, 79-80.

2          Plaintiff contends that her claims are not the same because the thrust of her first

3   complaint was Defendants' failure to comply with HAMP, and it has since become clear

4   that a mortgage borrower has no private right of action under that program. Doc. 19 at 6.

5   But merely eliminating the references to HAMP in the complaint does not change the fact

6   that Plaintiff asserts breaches of the same note and deed of trust that were the subject of

7   the earlier case, and that she asserts wrongful foreclosure with respect to the same sale.

8   Plaintiff has not alleged any claims she did not or could not have alleged in the earlier

9   complaint.[2]

10          Plaintiff argues that the complaint makes new allegations such as "robosigning"

11  and fraud that she was unable to discover earlier because Defendants failed to comply

12  with her discovery requests. Doc. 19 at 7. The complaint alleges these deficiencies in

13  the transfers of Plaintiff's mortgage documents and the fraudulent signing of the notice of

14  trustee sale. *See, e.g.*, Doc. 1-1, ¶¶ 23, 24, 32, 38, 44, 49, 51. As Defendants argue,

15  however, Plaintiff has not shown that these alleged deficiencies caused her damages.

16  Doc. 15 at 10. Moreover, borrowers who are not party to the assignment of their

17  mortgage – and whose rights are not affected by it – lack standing to bring a claim. *Id.*;

18  *see In Re Mortgage Electronic Registration Sys. (MERS) Litigation*, MDL No. 09-2119-

19  JAT, 2011 WL 4550189 at *5 (D. Ariz. Oct. 3, 2011). Thus, the new allegations are

20  insufficient to support a claim under any of the legal theories asserted.

---

27   [2] As the Court previously discussed in its order granting J. P. Morgan Chase

28  Bank's motion to dismiss, Plaintiff's wrongful foreclosure claim also fails substantively
because Arizona courts do not recognize such a claim, and Plaintiff does not dispute that
she defaulted on her loan payments before her property was sold. *See* Doc. 10 at 4-5.

1    **IT IS ORDERED** that Defendants' MERS, Ocwen Loan Servicing, LLC, the

2   Bank of New York Mellon, and Saxon Mortgage Services motion to dismiss (Doc. 15) is

3   **granted**.

4    Dated this 20th day of August, 2012.

David G. Campbell
United States District Judge